583 A.2d 723

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Van Stuart POWERS.

Misc. (Subtitle BV) No. 26, Sept. Term, 1987.

Court of Appeals of Maryland.

Jan. 9, 1991.

Van Stuart Powers, Hyattsville, pro se.

Kendall R. Calhoun, Asst. Bar Counsel, for Atty. Grievance Com'n, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ.

## ORDER

The Attorney Grievance Commission charged Petitioner, Van Stuart Powers, with multiple violations of the Code of Professional Responsibility.

The Court referred the matter to the Circuit Court for Prince George's County (G.R. Hovey, Johnson, J.) for an evidentiary hearing. Judge Johnson conducted a hearing and filed recommended findings of fact and conclusions of law which were then transmitted with the record to the Court of Appeals.

After considering exceptions, recommendations and argument by the parties, the Court ordered that the Petitioner be indefinitely suspended with the right to apply for reinstatement after ninety (90) days upon a showing of compliance with certain specified conditions. *Attorney Grievance Commission v. Powers*, 314 Md. 484, 551 A.2d 465 (1989).

The Petitioner subsequently petitioned for readmission and, after an evidentiary hearing on the petition in the Circuit Court for Prince George's County followed by argument before this Court, this Court denied the petition on September 10, 1990 without prejudice to the right of the

Petitioner to file another petition for termination of his indefinite suspension not earlier than ninety (90) days after September 10, 1990.

On December 13, 1990, the Petitioner again petitioned the Court for reinstatement. Bar Counsel in response stated he had no objection to Petitioner's reinstatement provided he comply with the conditions set forth in *Attorney Grievance Commission v. Powers, supra.* Therefore, it is this 9th day of January, 1991,

ORDERED, that the petition for reinstatement be, and it is hereby, granted and Van Stuart Powers is hereby reinstated to the Bar of the State of Maryland subject to the following conditions:

1. Powers shall maintain active membership in, and participation with, Alcoholics Anonymous;

2. He shall continue participation in his present group therapy program until further order of this Court.

3. His activities in connection with the practice of law shall be monitored by a lawyer satisfactory to Bar Counsel, who shall submit reports to Bar Counsel on a quarterly basis for a period of two years, unless sooner relieved of that obligation by an order of this Court. The monitor's consent to so act shall be appended to any motion for lifting the suspension;

4. His books of account and financial records shall be monitored by a certified public accountant satisfactory to Bar Counsel, who shall submit reports to Bar Counsel on a quarterly basis for a period of two years, unless sooner relieved of that obligation by an order of this Court. The monitor's consent to so act shall be appended to any motion for lifting the suspension;

5. He shall dispose of the interest on the escrow accounts pursuant to the agreement between him and Bar Counsel.

A breach of any one of the above conditions shall be grounds for the renewal of Powers' suspension.